(Rev. 5/05)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) Ivan Smith    485-27-066
(Name of Plaintiff)   (Inmate Number)

Salem County Corr. Facility - A-1, 125 Cemetary Road,
Woodstown, NJ. 08098
(Complete Address with zip code)

06 - 632 -

(2) _____
(Name of Plaintiff)   (Inmate Number)

(Case Number)
( to be assigned by U.S. District Court)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

CIVIL COMPLAINT

(1) City of Wilm, unnamed WPD Detectives
(2) United States; unnamed A.U.S.A. Dist. DE
(3) Dist. Court of DE; unnamed (ATFE) Agent
(Names of Defendants)

☐ Jury Trial Requested

FILED
OCT 11 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

I.   PREVIOUS LAWSUITS

A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
     including year, as well as the name of the judicial officer to whom it was assigned:

Civil No. 06-249-GMS
Judge Gregory M. Sleet

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ☐ Yes ☑ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ☑ Yes ☐ No

C. If your answer to "B" is Yes:

1. What steps did you take? N/A

2. What was the result? _____

D. If your answer to "B" is No, explain why not: This is the only available remedy

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: City of Wilmington

Employed as _____ at _____

Mailing address with zip code: _____

(2) Name of second defendant: Unnamed WPD Detectives

Employed as Detective at Wilm. Police Dept.

Mailing address with zip code: _____

(3) Name of third defendant: United States

Employed as _____ at _____

Mailing address with zip code: _____

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. _____

2. _____

3. _____

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1) Compensation for previous employment loss wages amount: $150,000.

2) Compensation for loss of personal trainer lic. and income: $120,000.

3

3) Compensation for loss of Day Trading accounts and income Ameritrade and Morg. Stanely, amounts appreciated: $700,000.

4) Compensation for loss of Corporations, investment properties and income appreciated amount: $5,000,000.

5) Compensation for unlawful torment, imprisonment, mental anguish, resulted post traumatic deppression and paranoia diagnosis, stagnant rehabilitative growth and developement, depriyation of work release and other treatment programs; amount: $30,000,000

Relief due to results and effects of oppressive misconduct

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __6th__ day of __October__, 2_006_.

_____
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

III.    Defendants    continuation

(4) unnamed Assistant United States Attorney
    A.U.S.A.                    U.S. Attorney's Office

    The Nemours Building, 1007 Orange Street, Suite 700,
    P.O. Box 2046, Wilmington, DE 19899-2046

(5) unnamed (A.T.F.E) Special Agent
    (A.T.F.E) Agent            Dept. of Treasury, Bureau of (ATF)

    Wilmington Field Office

(6) District Court of Delaware
    Judicial Officer           U.S. Dist. Court of Delaware

    844 N. King Street, Lockbox #    , Wilmington, DE. 19801-3570

(7) U.S. Marshal for District of Delaware
    U.S. Marshal               Dist. of Delaware
        N/A (address for mailing)

IV.    STATEMENT OF CLAIM

1. (Defendant): City of Wilmington, Unnamed Detectives of W.P.D.

   On December 3, 2003, unnamed Detectives of W.P.D., who testified at the plaintiff's trial (August 16-17, 2006) that, they were attempting to talk with the plaintiff as he entered 1607 West Third Street of Wilmington, where he (plaintiff) was an overnight house-guest; forcibly broke down the front door and entered that residence, observing the plaintiff inside. Thereafter, in result, causing a chain of insignificant events which ultimately led to the plaintiff being taken into custody.

2. (Defendants): United States, unnamed A.U.S.A. for Dist. of Delaware and, unnamed Bureau of Alcohol, Tobacco, Firearms and, Explosives, Special Agent for the District of Delaware's, Wilmington Field Office

   On February 12, 2004, an unnamed A.U.S.A. introduced an unnamed (A.T.F.E.) Special Agent, as a witness for the government to testify against the plaintiff before a Federal grand jury, in the Dist. of Delaware. During the proceeding, the Special Agent informed the grand jury that his testimony was based on information he gathered while reviewing written reports of the Wilmington Police Officers and, from a conversation that he had with one of them (which meant the Special Agent did not have personal knowledge of the incident). However, the A.U.S.A. permissably supported the Special Agent's deliberate presentation of false testimony before the grand jury, which incriminated the plaintiff and influenced the grand jury's decision to indict, based on the fabricated, perjured testimony that was contradictory to the information from the written reports, which was said to have been the source of the Special Agent's testimonial knowledge

2

3. (Defendant): United States, U.S. District Court of Delaware

On January 30, 2006, the District Court of Delaware inappropriately denied the plaintiff's motion to suppress illegally seized evidence, based on a privacy infringement. In support of the Dist. Court's decision, was an order which cited authority of non-controlling state court caselaw, where the facts and circumstances were not the same compared to the facts and circumstances of the plaintiff's case. Moreover, the Dist. Court refused to apply appropriate Third Circuit caselaw that was presented to the Court, by the plaintiff during a hearing on January 26, 2006 and also, subsuquentally by way of seperately filed motions to the Court (motion to reconsider and, motion in rebuttal of Dist. Court's Order). During a misc. hearing (March 15, 2006), the plaintiff asked why the Court would not apply appropriately presented Third Circuit caselaw to the facts of his case, at to which, without consideration the Dist. Court responded that the plaintiff would have to rely on the Court of Appeals and, then the plaintiff will be set free by the Dist. Court.

A) On March 15, 2006, the District Court of Delaware, discrimatively warned the plaintiff, not to continue to request replacement of counsel, after the plaintiff had properly informed the Dist. Court that the plaintiff's attorney had unethically discussed his case unconfidentially with another one of her clients. At to which valid complaint; the Dist. Court biasly admonished the plaintiff, who is impoverished and totally dependant upon the Court's appointed counsel, was, thereafter, threatened by the Dist. Court that, he (plaintiff) was making a very big mistake by requesting replacement of counsel, that the plaintiff would not recieve better effectively representation and that, if the plaintiff did not get along with another attorney that the plaintiff would just have to represent himself pro se."

These remarks to the plaintiff by the Dist. Court made the plaintiff feel blackmailed and discriminated against, as if there wasn't any chance of fairness because the Dist. Court and the Government were united in a plot together. The Dist. Court has implanted fear into the plaintiff, forcing the plaintiff to believe that he is a victim of the obvious unjust monopolized team-up of the U.S. Dist. Court of Delaware (judicial officials), the A.U.S.A. and, the plaintiff's own attorney (who has told the plaintiff that the judicial officer of the Dist. Court, asked him, via telephone call, to represent the plaintiff as a favor). These Defendants motive is to destroy the plaintiff by joining forces, as it has been demonstrated.

B) On August 16, 2006, five minutes before jury selection for the plaintiff's trial, in the Dist. Court of Delaware; the plaintiff was provided grand jury transcripts by way of A.U.S.A.. As the plaintiff quickly reviewed the transcript, it immediately became apparent that, the A.U.S.A.'s grand jury witness against the plaintiff was not going to be produced at the plaintiff's trial for impeachment purposes and also that, the A.U.S.A. had deliberately presented multi counts of fabricated perjury before the grand jury, which was incriminating and influencial. The plaintiff brought the facts of substantial prosecutor misconduct during the grand jury (false testimony and false witness) as a complaint raised, before jury selection ▓▓▓▓ in the Dist. Court, at the plaintiff's pre-trial stage. At to which, the Dist. Court properly acknowledged the validity of the plaintiff's complaint but, however, without any pre-cautions, the Dist. Court insisted on the continuation of a trial against the plaintiff, in-spite of potentially adequet proof of a defective and, unconstitutionally secured indictment against the plaintiff.

4

4. (Defendant): United States, U.S. Marshals of District of Delaware

For over a year since, September 29, 2005, until remedy; the plaintiff in the care of (temporarily) the U.S. Marshals, has been completely deprived mental health medications, that were being taken by the plaintiff everyday, for medical treatment in reference to a mental health diagnosis from 2004. Although the plaintiff has continuosly requested the follow-up treatment of medical treatment from the plaintiff's previously recorded state-custody dispositional status. It is relevant that other Federal detainee's have been issued proper medical treatment of the same significants; however, it must be noted that these other inmates are caucasion. This is another tactic that is being enforced by the team of government officials and, the court, who seek to oppress (unlawfully) and, destroy the unfocused induced plaintiff.

Legal Mail

Evan Smith, A-1
Salem County Corr. Facility
125 Cemetary Road
Woodstown, NJ. 08098

$00.87⁰ PITNEY BOWES
02 1A
0004397284  OCT 10 2006
MAILED FROM ZIP CODE 08079

Office of the Clerk
United States District Court
844 N. King Street, lock box 18
Wilmington, Delaware 19801-3570

SALEM COUNTY CORRECTIONAL FACILITY
DEPT. OF SOCIAL REHABILITATION

U.S. MAIL X-RAY