IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVAN SMITH, | : |
|     Plaintiff, | : |
| v. | : Civil Action No. 06-632-JJF |
| CITY OF WILMINGTON, UNNAMED WILMINGTON POLICE DETECTIVES, UNITED STATES, UNNAMED AUSA FOR THE DISTRICT OF DELAWARE, DISTRICT COURT OF DELAWARE, UNNAMED ATFE AGENT, and U.S. MARSHAL FOR THE DISTRICT OF DELAWARE, | : |
|     Defendants. | : |

Ivan Smith, Pro se Plaintiff.

**MEMORANDUM OPINION**

February 20, 2007
Wilmington, Delaware

Farnan, District Judge

    Plaintiff Ivan Smith, ("Smith"), is currently awaiting sentencing while he is housed at the Salem County Correctional Facility in Woodstown, New Jersey. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 5.)

    For the reasons discussed below, the Court will construe Plaintiff's Motion To Amend Civil Complaint as an Amended Complaint. The Court will dismiss, without prejudice, the Complaint and Amended Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### I. THE COMPLAINT

    Plaintiff is a criminal defendant in a case in this district that was presided over by former U.S. District Judge Kent A. Jordan, United States v. Smith, Crim. No. 04-CR-011-KAJ.[1] He was convicted and was sentenced on January 12, 2007. Id. at D.I. 109. The Complaint is filed pursuant to 42 U.S.C. § 1983 and names as Defendants a number of federal entities and employees, the City of Wilmington, and unnamed Wilmington detectives. (D.I.

---

[1] Plaintiff filed a civil rights lawsuit against former U.S. District Judge Jordan, Civ. No. 06-249-GMS. Plaintiff complained of rulings made by Judge Jordan in the criminal case. The civil rights case was dismissed as frivolous on July 28, 2006.

2.) Plaintiff filed a Motion To Amend Civil Complaint which the Court construes as an Amended Complaint and which adds two defendants, an unnamed judicial officer for the District of Delaware, and the United States of America who was already a named Defendant. (D.I. 6.)

Plaintiff alleges that unnamed Wilmington Police Department Detectives ("Detectives") testified at his trial on August 16 and 17, 2006. Plaintiff alleges the Detectives testified that on December 3, 2003, they were attempting to speak to Plaintiff as he entered a house where he was a guest, forcibly broke down the front door of a house, entered the residence, and saw plaintiff inside. Plaintiff alleges these actions resulted in a chain of events that resulted with Plaintiff being taken into custody.

Plaintiff alleges that on February 12, 2004, an unnamed special agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF Agent") of the field office in Wilmington Delaware, testified before a federal grand jury as a witness for the government. Plaintiff alleges that the ATF Agent did not have personal knowledge of the incident he testified to, but instead relied upon written reports of the Wilmington Police Officers. Plaintiff alleges that an unnamed Assistant United States Attorney for the District of Delaware ("AUSA") supported the ATF Agent's "false testimony" which incriminated Plaintiff.

Plaintiff next alleges that on January 30, 2006, the U.S.

District Court for the District of Delaware ("District Court") inappropriately denied his motion to suppress, and during a hearing on January 26, 2006, refused to follow Third Circuit precedent. Plaintiff alleges that on March 15, 2006, discrimination occurred when the District Court warned Plaintiff not to continue to request replacement of counsel.[2] Plaintiff also alleges that the District Court allowed the criminal trial to proceed even though there was adequate proof of a "defective and unconstitutionally secured indictment."

Plaintiff's last claim is that for the past year, while he has been in the custody of the U.S. Marshal, he has been deprived of mental health medications that he normally took on a daily basis. Plaintiff alleges that he sought follow-up medical treatment. Plaintiff seeks compensation for lost wages, for loss of his personal trainer's license and income, for loss of day trading accounts, for loss of corporate investment properties and income, and compensatory damages

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint

---

[2]This claim was set forth in the lawsuit filed against Judge Jordan. See supra n.1.

-3-

by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Habeas Corpus

To the extent that Plaintiff seeks relief relative to his

-4-

criminal conviction, said claim has not accrued. "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a. . .tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnotes omitted); see also Muhammad v. Close, 540 U.S. 749 (2004); Edwards v. Balisok, 520 U.S. 641, 645-47(1997). Plaintiff's conviction has not been overturned, invalidated, or called into question by the issuance of a writ of habeas corpus. Thus any challenge to his conviction is not cognizable under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Therefore, the Court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    **B. Constitutional Violation**

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983. The Complaint contains no allegations against the City of Wilmington. The allegation against the Detectives is that they forcibly entered a house where Plaintiff was an overnight guest and observed Plaintiff there. Plaintiff alleges their actions

-5-

started a chain of events leading to his custody.

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). The Complaint does not allege that the City of Wilmington violated Plaintiff's constitutional rights. Nor does the Complaint allege that the Detectives violated Plaintiff's constitutional rights. The most that can be said is that the Complaint alleges that as a result of the Detectives' actions, Plaintiff was taken into custody. Moreover, the Court takes judicial notice that during his criminal trial Plaintiff moved to suppress evidence based upon the actions of the Detectives at the time of Plaintiff's arrest, and the Court denied the Motion To Suppress. <u>United States v. Smith</u>, Crim. No. 04-CR-011-KAJ (D.I. 20.)

The claims against the City of Wilmington and the Detectives have no basis in law or in fact. Therefore, the Court will dismiss them as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**C.  State Actors**

Plaintiff names as Defendants the United States, an unnamed AUSA, the District Court, an unnamed ATF Agent, the U.S. Marshal for the District of Delaware ("U.S. Marshal"), and an unnamed judicial officer of the District of Delaware ("judge"). None of

these Defendants are state actors.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49. The foregoing named Defendants are either federal entities or individuals affiliated with or employed by the federal government. Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person acting under color of state law, but is inapplicable to persons acting under color of federal law. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 398 n.1 (1971) (Harlan, J., concurring).

Plaintiff's claims fail even if he had properly filed the claims against the federal Defendants under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), which governs civil rights claims against a federal defendant. The claims against the United States, AUSA, the District Court, and the federal unnamed judge are barred from suit by reason of either sovereign immunity, judicial immunity or

prosecutorial immunity.  See <u>Nixon v. Fitzgerald</u>, 457 U.S. 731, 757 n.39 (1982) (federal judges possess absolute immunity); <u>United States v. Mitchell (I)</u>, 445 U.S. 535, 538 (1980) (an action against the United States and its instrumentalities cannot be maintained unless the United States waives its sovereign immunity); <u>Brawer v. Horowitz</u>, 535 F.2d 830 (3d Cir. 1991) (federal prosecutor against whom <u>Bivens</u> claim was brought was entitled to absolute immunity in connection where the allegations relate solely to his initiating and presenting a criminal case); <u>see also</u> <u>Schrob v. Catterson</u>, 948 F.2d 1402 (3d Cir. 1991).

    Additionally, the claim against the ATF agent is frivolous inasmuch as that "[t]here is no prohibition on the use of hearsay by a grand jury, unless (1) non-hearsay was readily available; and unless (2) the grand jury was also misled into believing it was hearing direct testimony rather than hearsay; and unless (3) there is also a high probability that had the jury heard the eye-witness testimony it would not have indicted the defendant." <u>United States. Shaheed</u>, 183 Fed. Appx. 168, 173 (3d Cir. 2006 (citing <u>United States v. Ismaili</u>, 828 F.2d 153, 164 (3d Cir. 1987)). (citations omitted).  The Court takes judicial notice that during his criminal trial Plaintiff filed a Motion To Dismiss based upon this very issue, and the Court denied the motion.  <u>United States v. Smith</u>, Crim. No. 04-CR-011-KAJ (D.I. 91.)  It is apparent Plaintiff attempts to use this case to

decided in his criminal case.

Finally, Plaintiff names the U.S. Marshal as a defendant apparently on the basis of <u>respondeat superior</u>. Because liability under <u>Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971), may not be based on the doctrine of <u>respondeat superior</u>, suit against the U.S. Marshal cannot lie. <u>See</u> <u>Parker v. United States</u>, No. 05-5281, 2006 WL 2547233 (3d Cir. Sept. 5, 2006) (vicarious liability is not available in a <u>Bivens</u> action).

The claims against the federal Defendants fail for a number of reasons. The Defendants are either immune from suit, the Complaint fails to state a claim upon which relief may be granted, and/or the claims are frivolous. Therefore, the Court will dismiss the claims against the federal Defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**V.   CONCLUSION**

For the reasons discussed above, the Court will construe the Motion To Amend Civil Complaint (D.I. 6) as an Amended Complaint. The Court will dismiss, without prejudice, the Complaint and Amended Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). An appropriate Order will be entered.